# IN THE MATTER OF NATURALIZATION OF ROGELIO VASQUEZ CABAÑAS.

San Juan, Naturalization, No. 962.

NEWSPAPER COMMENT.

Newspaper Comment—Contempt.

     Newspaper comment tending to flatter a judge may be considered constructive contempt of court, as its tendency is to affect his decision in a pending case. Beyond this warning, however, no notice will be taken.

Opinion filed March 12, 1921.

---

HAMILTON, Judge, delivered the following opinion:

The attention of the court has been called to an interview of the applicant appearing in the Correspondencia, a news-

paper published in San Juan of date March 10, 1921, which it would seem proper to notice. The interview is one in which the applicant herein gives expression to his feelings at what he takes to be a persecution by an official of the local government and his own confidence in the character and justice of the judge of this court. Whether this was sought by the applicant or by the newspaper is not material. It is made public and its tendency at least would be to flatter the judge in a hearing which will shortly come before him. It may not have had that intention, and it is probably better not to go into that point; but at least such would be the natural tendency.

Matters of constructive contempt of court generally come up in connection with jury trials, and such cases are perhaps more important, inasmuch as jurors are taken from all ranks of life, and, being a somewhat numerous body, some of them might more readily be influenced than the judge of the court. Nevertheless the principle is the same, whether it is judge or jury. There is an instance of this sort now pending in the New York Federal courts, where District Judge Mayer sentenced Comptroller Craig to imprisonment for threatening remarks, and the matter is under revision by the circuit court of appeals. It is true that the expressions used in the present case are flattering instead of threatening, but there can be no essential difference in law. It is as wrong to flatter a judge into an erroneous decision as it would be to threaten him into an erroneous decision.

In this particular instance the court is perfectly willing to assume that no harm was intended, and will take no further notice of the matter. But it seems proper to say this much, so that it will be understood that such comment, whether editorially or by interview, tending to influence the judge in a deci-

Re Cabañas.

sion of any case, is improper, and the court requests newspapers to act accordingly.